**FIRST DIVISION**
**BARNES, P. J.,**
**ANDREWS and MCMILLIAN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 31, 2018**

# In the Court of Appeals of Georgia

A18A0256. IN THE INTEREST OF J. N., A CHILD.

ANDREWS, Judge.

The mother of J. N. appeals from a protective order granted to J. N.'s Guardian Ad Litem ("GAL") in this dependency action. For reasons that follow, we vacate the juvenile court's ruling and remand for further proceedings.

The record shows that shortly after his birth in June 2015, J. N. was placed in the temporary protective custody of the Department of Family & Children Services ("DFCS"). DFCS filed a Petition for Dependency, and the juvenile court appointed a GAL for J.N. Over the ensuing months, the court found J. N. to be a dependent child, adopted a case plan for the mother, extended DFCS's custody, and held several review hearings.

On February 24, 2017, the mother filed a Motion for Discovery, asserting that she had requested discovery from DFCS but had not yet received any information. In

response, J. N.'s GAL, who is also an attorney, moved for a protective order and to quash the discovery request to the extent it applied to her file. The juvenile court granted the GAL's motion, but issued a certificate of immediate review, and we granted the mother's application for interlocutory appeal.

The statutory scheme governing dependency proceedings sets forth a framework "[t]o assist and protect children whose physical or mental health and welfare is substantially at risk of harm from abuse, neglect, or exploitation and who may be further threatened by the conduct of others." OCGA § 15-11-100 (1). As part of those proceedings, the juvenile court must appoint a GAL and an attorney for an alleged dependent child. See OCGA § 15-11-103 (b) (attorney); OCGA § 15-11-104 (a) (GAL). The attorney represents the child, while the GAL "assist[s] the court in determining the best interests of [the] child." OCGA § 15-11-2 (35). A person does not need to be an attorney to act as a GAL. See OCGA § 15-11-104 (e). But an attorney can serve as both the GAL and legal representative for a child "unless or until there is conflict of interest between the attorney's duty to such child as such child's attorney and the attorney's considered opinion of such child's best interests

2

as guardian ad litem." OCGA § 15-11-104 (b). Although not completely clear from the record, it appears that the GAL in this case may also be J. N.'s attorney.[1]

In determining the best interests of a child, a GAL must consider numerous factors, including the child's welfare and safety; the mental and physical health of everyone involved; the child's cultural, familial, religious, and community ties; the need for permanence; and the child's wishes and long term goals. OCGA § 15-11-105 (b). To assess these factors, the GAL conducts an independent investigation, interviews the child, consults with other professionals involved in the case, and reviews relevant materials, such as court documents, educational information, and health reports. OCGA § 15-11-105 (c). All records and materials acquired or reviewed during this investigation are deemed confidential and cannot be disclosed by the GAL "except as ordered by the court." OCGA § 15-11-105 (f).

Through her motion for protective order, J.N.'s GAL argued that this confidentiality provision, as well as the attorney-client privilege and work product doctrine, shielded her file from discovery. The trial court agreed, granting a blanket protective order over the entire file without considering its contents. Nothing in the

___

[1] The record does not contain the court order appointing the GAL or J. N.'s attorney, but the protective order refers to the GAL as "GAL Attorney."

3

statutory scheme, however, provides such sweeping protection for a GAL's file. Although the GAL must treat all information and records obtained as confidential, that material may be disclosed if ordered by the court. See OCGA § 15-11-105 (f). Furthermore, the juvenile court must ensure that the parties have the ability to challenge the GAL's recommendations "in accordance with the rules of evidence applicable to the specific proceeding." OCGA § 15-11-104 (k).

Simply put, there is no absolute privilege that prevents discovery merely because a file belongs to, or the information was created, gathered, and maintained by, the GAL. See *In the Interest of B. H.*, 295 Ga. App. 297, 299 (3) (671 SE2d 303) (2008) (noting that, under a prior version of statutory scheme, the legislature did not "enact[] an evidentiary exclusion of communications between a child and a [court appointed special advocate]"). Compare OCGA § 24-5-501 (listing types of communications that are privileged and "excluded from evidence on grounds of public policy"). The juvenile court, therefore, erred in imposing blanket protection for the GAL's file.

Automatic discovery of that file, however, is equally inappropriate. The attorney-client privilege or work product doctrine may shield portions if the GAL is acting as J. N.'s attorney. See OCGA § 15-11-103 (c) ("A child's attorney owes to his

4

or her client the duties imposed by the law of this state in an attorney-client relationship."); *St. Simons Waterfront v. Hunter, Maclean, Exley & Dunn*, 293 Ga. 419, 421-422 (1) (746 SE2d 98) (2013) (discussing attorney-client privilege); *Wellstar Health Sys. v. Jordan*, 293 Ga. 12, 17 (743 SE2d 375) (2013) (discussing work product doctrine). And although the confidentiality provision in OCGA § 15-11-105 does not create an absolute privilege, it prevents unfettered disclosure of the GAL's investigative materials. Finally, OCGA § 15-11-170 (e) allows the juvenile court to

> deny, in whole or in part, or otherwise limit or set conditions concerning a discovery response upon a sufficient showing by a person or entity to whom a request for discovery is made that disclosure of the information would: (1) Jeopardize the safety of a party, witness, or confidential informant; (2) Create a substantial threat of physical or economic harm to a witness or other person; (3) Endanger the existence of physical evidence; (4) Disclose privileged information; or (5) Impede the criminal prosecution of a minor who is being prosecuted as an adult or the prosecution of an adult charged with an offense arising from the same transaction or occurrence.

Accordingly, we vacate the juvenile court's ruling and remand for further review of this discovery dispute. On remand, the juvenile court must exercise its discretion to determine whether the material sought by the mother is privileged or

5

otherwise should not be subject to discovery pursuant to OCGA §§ 15-11-105 and 15-11-170 (e). See *In the Interest of B. H.*, supra at 300 (4) (discovery in this type of proceeding "is allowed in the discretion of the judge"). In doing so, the court should consider whether any non-privileged information is "so material to the [mother's] case as to outweigh the policy, as expressed in [OCGA § 15-11-105 (f)], that a [GAL's] confidential information not be disclosed." Id. at 299-300 (3) (applying former OCGA § 15-11-9.1 (h) (1), which provided that all records acquired, reviewed, or produced by a CASA – an individual appointed to advocate for the child's best interests in a deprivation proceeding – "shall be deemed confidential and shall not be disclosed except as ordered by the court").

*Judgment vacated and case remanded. Barnes, P. J., and McMillian, J., concur*.